UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMY S.,

           Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

           Defendant.

CASE NO. C22-5715-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff appeals the ALJs decision finding her not disabled. She contends the ALJ misevaluated the opinion of consultative examiner Robert Sise, M.D. Dkt. 10 at 1. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 54 years old, has two years of college education and certification as a licensed practical nurse, and worked as a licensed practical nurse from 2004 until 2018. Tr. 212. In November 2018, she applied for benefits, alleging disability as of July 24, 2018. Tr. 192-93. Her application was denied initially and on reconsideration. Tr. 96-102, 104-10. The ALJ conducted a hearing in April 2021 (Tr. 34-60), and subsequently found Plaintiff not disabled. Tr.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

16-28. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-7.

## DISCUSSION

Plaintiff contends the ALJ misevaluated Robert G. Sise's M.D. opinions about her limitations. In evaluating a medical opinion, the ALJ is required to articulate the persuasiveness of the medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 404.1520c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

"Supportability" and "consistency" are two distinct factors, and the ALJ must evaluate them as such. *See Woods*, 32 F.4th at 793 & n.4 (concluding an ALJ's statement a medical opinion was "'not supported by' the record" was *not* a supportability finding, but instead, in fact, constituted a consistency finding, and holding to "avoid confusion in future cases, ALJs should endeavor to use these two terms of art – 'consistent' and 'supported' – with precision"). With respect to "supportability," the regulations provide "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). Regarding "consistency," the regulations provide "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

1    Here, the ALJ noted Dr. Sise examined Plaintiff and opined Plaintiff retained a

2 "somewhat" fair ability to perform simple and repetitive tasks, but had a "limited" ability to: (1)

3 perform detailed and complex tasks; (2) perform work activities on a consistent basis without

4 special or additional instructions; (3) perform work duties at a sufficient pace; (4) maintain

5 regular attendance in the workplace and complete a normal workday without interruptions; (5)

6 interact with coworkers, superiors, and the public; and (6) adapt to the usual stresses encountered

7 in the workplace.  Tr. Tr. 523-26.

8    The ALJ found the record supports Dr. Sise's opinion Plaintiff is limited to performing

9 simple tasks with occasional public interaction. Tr. 25. However, the ALJ found "the treatment

10 records do not support the rest of the limitations." *Id.* In specific, the ALJ found Plaintiff's

11 mental status examinations were generally normal and Plaintiff's symptoms improved with

12 therapy and treatment. *Id.* The ALJ further found Dr.'s Sise's opinion is not consistent with his

13 own examination findings in that she could spell a five-letter word backward and forward, repeat

14 six digits forward and four backwards, performed serial threes without error, and follow a three-

15 step command. *Id.*

16    Plaintiff argues the ALJ erroneously failed to "offer any citations to the record to support

17 his findings" other than indicating Dr. Sise's opinions were inconsistent with his own

18 examination of Plaintiff. Dkt. 10 at 6. Plaintiff further argues the ALJ erroneously substituted his

19 opinion for Dr. Sise's opinion in assessing the examination findings, and the ALJ in any event

20 failed to offer any reason to reject Dr. Sise's opinion Plaintiff is limited in her ability to interact

21 with coworkers and superiors. *Id.*

22    The ALJ is charged with evaluating the medical evidence *Andrews v.* Shalala, 53 F.3d

23 1035, 1043 (9th Cir. 1995), and the regulations direct ALJs to determine if a medical opinion is

ORDER REVERSING THE COMMISSIONER'S DECISION - 3

supported by the source's own findings and objective evidence. *See* 20 C.F.R. § 404.1520c(c)(1). However, the ALJ must do more than offer conclusions; the ALJ must also explain why his or her interpretation, rather than the doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Here, the ALJ rejected Dr. Sise's opinion as inconsistent with his own findings. The ALJ erred in focusing only on Dr. Sise's mental status examination findings, when Dr. Sise cited other parts of his report as the foundation for most of the limitations that the ALJ found unsupported. *See* Tr. 526.

The ALJ also rejected Dr. Sise's opinion as inconsistent with treatment records showing Plaintiff's mental status examinations were generally normal and her symptoms improved with therapy and treatment. Tr. 25. Plaintiff challenges this finding as insufficiently vague and not supported by the portions of the record upon which the ALJ relied. The Commissioner argues the ALJ's determination to discount Dr. Sise's opinions is supported by the ALJ's discussion of the record in other portions of the ALJ's decision, and the Court should uphold that determination because it must assess the entire record.

The Court's obligation to examine the entire record does not relieve the ALJ of the duty to sufficiently explain why a medical opinion is rejected. This is because the Court cannot substitute its discretion for that of the ALJ's when the ALJ has failed to adequately set forth findings. While the ALJ should have set forth the specific bases of his determination, with citation to the record, in evaluating Dr. Sise's opinion, the Court can nonetheless discern the ALJ's rationale. *See Treichler v. Commissioner of SSA*, 775 F.3d 1090, 1098 (9th Cir. 2014) (Court will not fault the agency merely for explaining its decision with "less than ideal clarity."),

The ALJ discounted Dr. Sise's opinion as inconsistent with treatment records showing Plaintiff's mental status examinations were generally normal and her symptoms improved with

ORDER REVERSING THE COMMISSIONER'S DECISION - 4

therapy and treatment. It does not take much for the Court to tie that conclusion, at page 25, to the ALJ's discussion on pages 23-24 where the ALJ specifically stated Plaintiff's mental status exams were generally normal and treatment records show improvement with treatment.

However, the records upon which the ALJ relied do not support the ALJ's finding they contradict Dr. Sise's opinions. Dr. Sise indicated the mental status examination he performed showed Plaintiff was not engaged in "substance use" and showed no evidence of malingering or facetious behavior. Tr. 520. The doctor thus did not opine Plaintiff's limitations were based upon Plaintiff's mental status examinations. Rather his report indicates Plaintiff's limitations are based upon the symptoms Plaintiff suffers from Major Depressive Disorder, Anxiety Disorder, and Agoraphobia with panic attacks. Hence, the fact Plaintiff generally has had normal mental status examinations does not contradict Dr. Sise's opinions

The ALJ's finding Plaintiff's treatment record contradicts Dr. Sise's opinion is not supported by substantial evidence. The ALJ cited the following portions of the record. Page 446 (6F/3), Plaintiff's anxiety worsened, and that increasing medication may not necessarily improve her symptoms. Page 620 (11F/47), Patient is very anxious and cannot let go of ID theft issue, and is not getting better. Page 622 (11F/49), Plaintiff is overwhelmed physically and emotionally; valium works well for high stress, but alprazolam keeps her more functional at home. The provider also stated, "I'm not sure there is a medication plan available to make her more functional prior to resolution of her identity theft situation."). Page 551, Plaintiff showed improvement with medications but has high spikes of anxiety. Page 553 (10F/4), Plaintiff's anxiety is intermittent and somewhat improved but while her anxiety is improved it is not stable, Plaintiff's depression and insomnia are not adequately controlled and her energy and motivation is poor. Page 1089 Plaintiff continues to struggle with mood). Page 1090, Plaintiff has increased

depression and reactivation of assault trauma. Page 1096 (19F/9), provided discussed different anti-depressant because Plaintiff feels more depressed. Page 1100, Plaintiff's mood is more depressed.

The Court notes the ALJ found that Plaintiff has sought mental health treatment throughout the relevant period and her symptoms waxed and wanted and appeared to worsen with psychosocial stressors. Tr. 23. Indeed, the portions of the record the ALJ cited above show that while Plaintiff exhibited periods of improvement, these periods were followed by periods of decline in functioning. The record shows Plaintiff suffers from significant instability and thus tends to support Dr. Sise's opinion Plaintiff is limited in her ability to work on a consistent basis and at a sufficient pace; maintain regular work attendance and complete a normal workday; interact with others; and adapt to the usual stresses.

The Court accordingly concludes the ALJ harmfully erred in discounting Dr. Sise's opinions and the case must be remanded.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED,** and the case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess Dr. Sise's opinion, develop the record and redetermine RFC as needed, and proceed to the remaining steps as appropriate.

DATED this 16th day of March, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge